Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
2024-12-30@cases.warrenlex.com
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Applicant HMD Global Oy*

**FILED**
Dec 30 2024
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ judepetersen   DEPUTY

24MC2144-JLB

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: *EX PARTE* APPLICATION OF HMD GLOBAL OY FOR AN ORDER UNDER 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No.<br><br>***EX PARTE* APPLICATION OF HMD GLOBAL OY FOR AN ORDER UNDER 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

MEMORANDUM OF POINTS AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . 1

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

THE PARTIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    The German Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.    The Qualcomm-Huawei License Agreements . . . . . . . . . . . . . . . . . . . . . . 3

    C.    Huawei Has Refused to Produce the Requested Discovery . . . . . . . . . . . . . . . . . 4

    D.    Germany Does Not Have the Ability to Compel Discovery. . . . . . . . . . . . . . . . . 5

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.    HMD Global's Application Meets the Section 1782 Requirements. . . . . . . . . . . . 6

    A.    Qualcomm Is "Found" in the Southern District of California. . . . . . . . . . . . . 6

    B.    HMD Global's Defenses in the German Proceedings Rely on the License Agreements Between Qualcomm and Huawei. . . . . . . . . . . . . . . 7

    C.    HMD Global Is An "Interested Person". . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

II.    The *Intel* Discretionary Factors Strongly Favor Granting Discovery . . . . . . . . . . . 8

    A.    The German Court May Not Compel Discovery of the Huawei Agreements. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    B.    The German Court Is Not Hostile to This Application. . . . . . . . . . . . . . . . . 9

    C.    The Application Has Not Been Filed to Circumvent Any Law or Rule. . . . 10

    D.    The Discovery Requests Are Not Unduly Intrusive or Burdensome . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

*Cases*          **Pages**

*In re Core Compass Ltd.*,
    No. 23-735, 2023 WL 4290061 (S.D. Cal. June 30, 2023),
    *R. & R. adopted*, 2023 WL 7117956 (S.D. Cal. Oct. 27, 2023) . . . . . . . . . . . . . . . 1

*In re Daimler AG*,
    No. 21-948, 2021 WL 3852729 (S.D. Cal. Aug. 27, 2021) . . . . . . . . . . . . . 7, 9-10

*Illumina Cambridge Ltd. v. Complete Genomics, Inc*,
    No. 19-80215, 2020 WL820327 (N.D. Cal. Feb. 19, 2020) . . . . . . . . . . . . . . . . . 9

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8-11

*Khrapunov v. Prosyankin*,
    931 F.3d 922 (9th Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

*In re Koninklijke Philips N.V.*,
    No. 17-1681, 2018 WL 620414 (S.D. Cal. Jan. 30, 2018) . . . . . . . . . . . . . 7, 9-10

*In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*,
    539 F.2d 1216 (9th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*In re Mireskandari*,
    No. 12-2865, 2012 WL 12877390 (S.D. Cal. Dec. 20, 2012) . . . . . . . . . . . . . . . 1

*In re Nokia Techs. Oy*,
    No. 21-1487, 2022 WL 788702 (S.D. Cal. Mar. 15, 2022) . . . . . . . . . . . . . 6-7, 10

*Palantir Techs., Inc. v. Abramowitz*,
    415 F. Supp. 3d 907 (N.D. Cal. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Path Network, Inc.*,
    703 F. Supp. 3d 1046 (N.D. Cal. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 8, 10

*In re Todo*,
    No. 22-80248, 2022 WL 4775893 (N.D. Cal. Sept. 30, 2022) . . . . . . . . . . . . . . .7

*In re Varian Med. Sys. Int'l AG*,
    No. 16-80048, 2016 WL 1161568 (N.D. Cal. Mar. 4, 2016) . . . . . . . . . . . . . . . 10

//

//

*Statutes & Rules*

28 U.S.C. § 1782. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 6, 8, 10-11

Fed. R. Evid. § 201(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## MEMORANDUM OF POINTS AND AUTHORITIES

1. Applicant HMD Global Oy ("HMD Global") respectfully submits this *Ex Parte* Application for an Order Under 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proceedings (the "Application").[1] Through this Application, HMD Global respectfully seeks an order to authorize a document subpoena to Qualcomm Incorporated ("Qualcomm") for the production of evidence relevant to pending patent litigation between HMD Global and Huawei Technologies Co., Ltd. ("Huawei") before the Munich District Court in Munich, Germany (the "German Proceedings"). This Application is supported by this Memorandum, the concurrently filed Declaration of Matthew S. Warren, the concurrently filed Declaration of Andreas von Falck ("von Falck Decl.") and the proposed subpoena attached as Exhibit A.

## INTRODUCTION

2. Huawei has sued HMD Global for alleged patent infringement in multiple jurisdictions around the world, alleging patent infringement of certain chipsets implemented by 4G and 5G mobile devices distributed by HMD Global. In the German Proceedings, HMD Global requested that Huawei produce highly relevant agreements between Huawei and Qualcomm, but Huawei declined, going so far as to suggest that HMD Global file a Section 1782 action to obtain the requested discovery. In light of Huawei's refusal to produce the identified agreements, HMD Global now applies for an

//
//

---

[1] Courts in this District have authorized and accepted *ex parte* applications for orders to obtain discovery under Section 1782. *In re Core Compass Ltd.*, No. 23-735, 2023 WL 4290061, at *1 n.2 (S.D. Cal. June 30, 2023), *R. & R. adopted*, 2023 WL 7117956 (S.D. Cal. Oct. 27, 2023) ("Generally, § 1782 applications brought by private parties are handled ex parte."); *In re Mireskandari*, No. 12-2865, 2012 WL 12877390, at *1 n.1 (S.D. Cal. Dec. 20, 2012) ("The Court agrees with Applicant's unopposed argument that 28 U.S.C. § 1782 may be properly made on an *ex parte* basis" because "witnesses subject to discovery requests 'can and have raised objections and exercised their due process rights by motions to quash the subpoenas.'") (quoting *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976)).

– 1 –   Case No. _____
*Ex Parte* Application of HMD Global Oy

order to authorize a subpoena to produce these agreements from Qualcomm, a resident of this District.

## THE PARTIES

3. Applicant HMD Global is a Finnish company with its principal place of business at Bertel Jungin aukio 9,02600, Espoo, Finland. Since 2016, HMD Global has developed, marketed, and sold mobile devices across the globe.

4. Qualcomm is a Delaware corporation with its principal place of business at 5775 Morehouse Drive, San Diego, California, 92121. Qualcomm 10-K Annual Filing at 1 (Nov. 6, 2024), https://www.sec.gov/Archives/edgar/data/804328/000080432824000075/qcom-20240929.htm.[2] Qualcomm designs and manufactures wireless technology products and 4G or 5G modem chipsets used in mobile devices and other wireless products. *Id.* at 6. Qualcomm is not a party to the German Proceedings. *See* von Falck Decl. ¶ 5.

## BACKGROUND

**A.    The German Proceedings**

5. On November 3, 2022, Huawei filed three patent infringement suits against HMD Global in the Munich District Court of Munich, Germany, claiming that various HMD Global products featuring chipsets adhering to the 4G and 5G standards infringed Huawei's patents. *Id.* ¶¶ 5, 10-11.

---

[2] "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *In re Path Network, Inc.*, 703 F. Supp. 3d 1046, 1060 (N.D. Cal. 2023) (alteration in original) (quoting Fed. R. Evid. § 201(b)(2)). In *In re Path Network*, "the Court exercise[d] its authority to take judicial notice of Discord's principal office under Rule 201" because "[p]ublicly available records from the California Secretary of State and at least one website indicate that Discord has its principal place of business in San Francisco, California, which is located within the Northern District of California" and since these websites are "mutually corroborative and sufficiently reliable," "the residency of Discord is not subject to reasonable dispute" and the Court found "that the first statutory requirement of residency is met because Discord's principal office is in San Francisco." 703 F. Supp. 3d at 1060.

6. In 2023, HMD Global filed three nullity actions in Germany's Federal Patent Court, analogous to the inter-partes review procedure performed by the United States Patent and Trademark Office, challenging the validity of Huawei's asserted patents. *Id.* ¶ 12. All three actions are pending as of this filing. *See id.*

7. On September 20, 2024, the matter against HMD Global concerning E.P. No. 3,407,519 was dismissed for non-infringement. *Id.* ¶ 7.

8. On October 2, 2024, the matter against HMD Global concerning E.P. No. 3,573,392 was dismissed for non-infringement. *Id.*

9. Huawei appealed both noninfringement determinations; both appeals are pending before the Munich Higher Regional Court as of this filing. *Id.* ¶¶ 7, 27.

10. The third matter against HMD Global concerning E.P. No. 2,528,366 is pending a determination on the patent's validity in the nullity proceeding brought by HMD Global as of this filing. *Id.* ¶¶ 9, 12.

**B.     The Qualcomm-Huawei License Agreements**

11. Huawei has publicly entered into agreements with suppliers of HMD Global, including Qualcomm. *See id.* ¶ 17.

12. In public filings with the Securities Exchange Commission, Qualcomm has reported that it has executed a set of agreements with Huawei, including a "long-term, global patent license agreement that contains a cross license granting rights to certain of Huawei's patents." Qualcomm 10-K at 38 (Nov. 4, 2020), https://www.sec.gov/Archives/edgar/data/804328/000172894920000067/qcom-20200927.htm.

13. In separate litigation involving Huawei before the Unified Patent Court, it recently became public knowledge that Qualcomm and Huawei entered into a license agreement covering the term from January 1, 2020, to December 31, 2024. von Falck Decl. ¶ 17.

//
//
//

## C. Huawei Has Refused to Produce the Requested Discovery

14. In early 2019, before Huawei filed its complaints alleging patent infringement in the Munich District Court, HMD Global and Huawei engaged in licensing discussions concerning the patents at issue in the German Proceedings. *Id.* ¶ 21.

15. In the early stages of these licensing discussions, HMD Global requested that Huawei disclose agreements between Huawei and Qualcomm relating to the patents at issue to determine whether, and if so, to what extent, HMD Global would require a license from Huawei, and the extent to which pass-through rights applied under agreements between Huawei and Qualcomm. *Id.*

16. Huawei rejected this request and suggested that HMD Global could obtain the requested agreements directly from Qualcomm. *Id.*

17. Since then, throughout the German Proceedings, HMD Global has repeatedly requested the disclosure of these documents from Huawei, which Huawei has largely rejected. *Id.*

18. In November 2023, HMD Global filed non-technical rejoinder briefs in all three infringement proceedings and applied for a production order under the German Civil Code of Procedure that would require Huawei to disclose all agreements concluded between Huawei and Qualcomm. *Id.* ¶¶ 22-24.

19. Instead of producing the requested documents, Huawei filed an application for a "production order against itself" in the matter concerning E.P. No. 2,528,366 to voluntarily disclose "cherry picked" agreements between Huawei and parties that are not comparable to HMD Global and do not distribute comparable products to HMD Global's product portfolio. *Id.* ¶ 25.

20. The Munich District Court exercised its discretion to grant Huawei's "request against itself" and issued a production order requiring Huawei to disclose the agreements Huawei volunteered to produce. *Id.*

//
//

21. The Munich District Court denied HMD Global's production request but did not provide any reasoning for the decision or otherwise indicate that it would not consider the requested evidence. *Id.*

22. Huawei has persistently refused to make any further disclosures. *Id.* ¶ 29. In fact, during the oral arguments on infringement in the German Proceedings, Huawei's counsel suggested that HMD Global could obtain the agreements between Huawei and Qualcomm by filing a request under 28 U.S.C. § 1782. *Id.*

**D.  Germany Does Not Have the Ability to Compel Discovery**

23. German law does not provide additional mechanisms to compel discovery from Huawei or Qualcomm as a third party. *Id.* ¶ 26.

24. German appellate courts, including the Munich Higher Regional Court, will consider new evidence that was not previously available or that the proffering party was unaware of in the lower court if that party obtains relevant evidence during the appellate proceedings. *See id.* ¶ 8.

25. German law is not hostile to foreign discovery, and the Munich District Court and the Munich Higher Regional Court are likely to consider the requested evidence as it is highly relevant to HMD Global's exhaustion and FRAND defenses. *Id.* ¶¶ 27, 30; *see also id.* ¶¶ 14-20.

26. German courts have previously considered analogous license agreements in the context of exhaustion and FRAND defenses: On December 18, 2024, the Munich Local Division of the Unified Patent Court issued a judgment in litigation between Huawei and Netgear, finding that Huawei's rights had been exhausted by a license agreement between Qualcomm and Huawei, referred to as "QC 2020 PLA," the identical defense HMD Global seeks to raise in the German proceedings through relevant documents maintained by Qualcomm in this District. *Id.* ¶ 17.

//
//
//

# ARGUMENT

## I. HMD Global's Application Meets the Section 1782 Requirements

27. Section 1782 is "the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Over time, Congress has "substantially broadened the scope of assistance federal courts could provide for foreign proceedings." *Id.* at 247-49. "Evaluating an application for leave to serve a subpoena under Section 1782 requires a two-part analysis: (1) the statutory requirements and (2) the discretionary requirements." *In re Path Network*, 703 F. Supp. 3d at 1059.

28. A district court is authorized to order service of a discovery request under Section 1782 where "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *In re Nokia Techs. Oy*, No. 21-1487, 2022 WL 788702, at *1 (S.D. Cal. Mar. 15, 2022) (quoting *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019)). HMD Global has met the three statutory requirements of Section 1782, and the Court is therefore authorized to grant this Application: Qualcomm "resides or is found" in this District, the discovery sought is for use in a foreign proceeding, and HMD Global is an "interested person" in the German Proceedings.

### A. Qualcomm Is "Found" in the Southern District of California

29. First, Qualcomm "resides or is found" in this District. *Khrapunov*, 931 F.3d at 925; *see supra* ¶ 4. Although Section 1782 does not define the district in which a corporation "resides or is found," courts have uniformly held that a corporation's "residency for the purpose of Section 1782 is 'where the business is incorporated, is headquartered, or where it has a principal place of business.'" *See, e.g.*, *In re Path Network*, 703 F. Supp. 3d at 1059 (quoting *In re Todo*, No. 22-80248, 2022 WL 4775893,

at *2 (N.D. Cal. Sept. 30, 2022)). HMD Global satisfies this factor "because Qualcomm's principal place of business is in San Diego, California," thus "Qualcomm 'resides or is found' in this District." *In re Nokia*, 2022 WL 788702, at *1 (granting application to authorize subpoena to Qualcomm); *see also In re Dainler AG*, No. 21-948, 2021 WL 3852729, at *1 (S.D. Cal. Aug. 27, 2021) (same); *In re Koninklijke Philips N.V.*, No. 17-1681, 2018 WL 620414, at *1 (S.D. Cal. Jan. 30, 2018) (same).

### B. HMD Global's Defenses in the German Proceedings Rely on the License Agreements Between Qualcomm and Huawei

30. Second, the discovery sought by HMD Global is "for use in a proceeding in a foreign or international tribunal." *Khrapunov*, 931 F.3d at 925. Here, HMD Global plans to use the discovery sought in this Application in the German Proceedings to support defenses to Huawei's patent infringement claims. von Falck Decl. ¶¶ 8, 13-20, 27, 30.

31. The HMD Global products at issue in the German Proceedings implement chipsets supplied by Qualcomm. *Id.* ¶ 16. The 5G mobile devices distributed by HMD Global are mostly equipped with Qualcomm chipsets while the 4G mobile devices distributed by HMD Global are partly equipped with Qualcomm chipsets and partly with chipsets from other chip suppliers. *Id.* As such, any agreement between Huawei and Qualcomm related to the patents at issue in the German Proceedings is directly relevant to determining whether HMD Global's chipsets infringe the patents at issue in the German Proceedings. *Id.* ¶¶ 14-20. Specifically, Huawei's grant of licenses to Qualcomm, covenants not to sue or similar agreements may provide HMD Global with a defense of patent exhaustion, which could result in a dismissal of the German Proceedings, but such a determination depends on the specific wording of the provisions agreed between Huawei and Qualcomm. *Id.* ¶¶ 14-17.

32. Additionally, if the German Court finds that patents at issue in the German Proceedings are "essential" to the 4G or 5G standards, it is of "central importance" whether the portfolio license terms offered by Huawei to HMD Global are fair,

reasonable, and non-discriminatory; if not, HMD Global may have a "FRAND" defense to Huawei's allegations. *Id.* ¶¶ 18-20. The Munich District Court, or the Munich Regional Court sitting on appeal, will consider the terms of the agreements between Huawei and Qualcomm to assess the appropriateness of the portfolio license terms offered by Huawei to HMD Global with respect to the patents at issue in the German Proceedings and to determine if Huawei is "double dipping" by seeking royalties from both HMD Global and Qualcomm for use of the same patents. *Id.*; *see also id.* ¶¶ 27, 30.

33. In short, the agreements sought to be produced relate to patents owned by Huawei—potentially including the patents at issue in the German Proceedings—and are critical to HMD Global's nontechnical defenses to Huawei's patent infringement claims. *Id.* ¶¶ 14-20, 27.

34. HMD Global does not possess the agreements between Huawei and Qualcomm and is unaware of the specific wording of provisions relating to the patents at issue in the German Proceedings, which is highly relevant to HMD Global's defenses in the German Proceedings and the Munich District Court's assessment of the patent exhaustion and FRAND defenses under German law. *See id.* ¶¶ 14, 27.

### C. HMD Global Is An "Interested Person"

35. HMD Global is a named party in the German Proceedings. Thus, there is "no doubt" that HMD Global qualifies as an "interested person" within the meaning of Section 1782. *Intel*, 542 U.S. at 264-65; *see also In re Path Network*, 703 F. Supp. 3d at 1062 ("As litigants in the foreign proceeding, Applicants are prototypical interested persons.").

## II. The *Intel* Discretionary Factors Strongly Favor Granting Discovery

36. This Court should exercise its discretion and grant HMD Global's Application because the four *Intel* discretionary factors strongly favor granting the Application. *Intel*, 542 U.S. at 264-65. "In determining whether to order such discovery the Court is to consider the following factors: (1) whether the person from whom discovery is sought is a participant in the foreign or international proceeding; (2) the

receptivity of the international tribunal to receiving such evidence; (3) whether the application is an attempt to circumvent proof gathering restrictions; and (4) whether the requested discovery is unduly intrusive of burdensome." *In re Daimler*, 2021 WL 3852729, at *1 (citing *Intel*, 542 U.S. at 264-65).

### A. The German Court May Not Compel Discovery of the Huawei Agreements

37.  The first discretionary factor, whether "the person from whom discovery is sought is a participant in the foreign proceeding," weighs in favor of granting HMD Global's Application because Qualcomm is not a participant in the German Proceedings, and the Munich District Court cannot compel it to produce the requested discovery. *Intel*, 542 U.S. at 264; *see also id.* at 261 n.12 ("Most civil-law systems lack procedures analogous to the pretrial discovery regime operative under the Federal Rules of Civil Procedure. Disclosure and exchange of evidence under the civil-law systems are generally more restricted, or nonexistent."). This factor "weighs in favor of granting the Application" where the party from whom the discovery is sought "is not a party to the foreign proceeding." *In re Koninklijke Philips*, 2018 WL 620414, at *2; *see also Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-80215, 2020 WL820327, at *4 (N.D. Cal. Feb. 19, 2020) ("The fact that Respondents are not parties to any of the foreign actions favors approval of IC's application."). As such, this factor weighs strongly in favor of granting HMD Global's Application.

### B. The German Court Is Not Hostile to This Application

38.  The second *Intel* factor weighs in favor of granting discovery. 542 U.S. at 265. Courts routinely find that this factor weighs in favor of allowing discovery where, as here, there is "no evidence to conclude that the German Court would be unreceptive to the information requested." *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 915 (N.D. Cal. 2019). In evaluating this factor, courts typically find in favor of discovery absent "authoritative proof" that "the foreign tribunal would reject evidence obtained with the aid of section 1782," as "courts tend to err on the side of permitting discovery." *Id.*

(quoting *In re Varian Med. Sys. Int'l AG*, No. 16-80048, 2016 WL 1161568, *4 (N.D. Cal. Mar. 4, 2016)). There is no such authoritative proof in this case; although the request for the disclosure of agreements from Huawei was not granted, the court did not provide a reason, and German procedural law does not provide any additional discovery mechanisms to obtain these documents. von Falck Decl. ¶¶ 25-26. But, if HMD is able to obtain these documents under § 1782, the German courts, both for the remaining first instance case and for two matters on appeal, will consider them. *Id.* ¶¶ 8, 30. As a result, courts in this District have previously granted applications under Section 1782 seeking evidence to be used in German courts. *See, e.g.*, *In re Daimler AG*, 2021 WL 3852729, at *1; *In re Koninklijke Philips*, 2018 WL 620414, at *1.

### C. The Application Has Not Been Filed to Circumvent Any Law or Rule

39. The third *Intel* factor favors HMD Global's Application because there is no law, rule, or policy in the German Proceedings that prohibits HMD Global from filing this Application or from seeking and obtaining the discovery requested here and presenting it in the German Proceedings. 542 U.S. at 265; *see also* von Falck Decl. ¶¶ 26, 29-30. "The party seeking discovery is not required to establish that the information it seeks would be discoverable under the foreign court's law or that the United States would permit the discovery at issue in an analogous domestic proceeding." *In re Nokia*, 2022 WL 788702, at *1. "Absence of evidence of attempted circumvention of the foreign tribunal's proof-gathering procedures weighs in favor of an application under Section 1782." *In re Path Network*, 703 F. Supp. 3d at 1064.

40. HMD Global does not make this Application in bad faith or in an attempt to circumvent the discovery procedures of the German courts. *See* von Falck Decl. ¶¶ 25-30. Accordingly, this factor weighs in favor of granting the Application.

### D. The Discovery Requests Are Not Unduly Intrusive or Burdensome

41. The fourth *Intel* factor favors granting HMD Global's Application as HMD Global's proposed discovery requests are narrowly tailored and minimally burdensome. 542 U.S. at 265 ("unduly intrusive or burdensome requests may be rejected or trimmed").

HMD Global is requesting document discovery on a highly relevant yet discrete set of documents: intellectual property licenses, covenants not to sue or similar agreements between Huawei and Qualcomm related to the patents asserted in the German Proceedings or comparable patents. von Falck Decl. ¶¶ 14, 20; Ex. A. The universe of responsive documents is thus likely to be small and easily searchable, avoiding any undue burden on Qualcomm.

## CONCLUSION

42. For the reasons stated above, HMD Global has satisfied the statutory requirements of 28 U.S.C. § 1782 and established that this Court should exercise its discretion to grant the Application and enter an Order under 28 U.S.C. § 1782 authorizing HMD Global to serve Qualcomm with the subpoena attached as Exhibit A.

Date: December 30, 2024

Respectfully submitted,

_____
Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
2024-12-30@cases.warrenlex.com

*Attorneys for HMD Global Oy*