UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: EX PARTE APPLICATION OF HMD GLOBAL OY FOR AN ORDER UNDER 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS. | Case No.: 24-mc-02144-JLB<br><br>**REPORT AND RECOMMENDATION RE: EX PARTE APPLICATION OF HMD GLOBAL OY FOR AN ORDER UNDER 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**<br><br>**[ECF No. 1]** |

This Report and Recommendation is submitted to the Honorable Cynthia Bashant, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.[1]

---

[1] *See CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 808 (9th Cir. 2022) (holding that a ruling on a 28 U.S.C. § 1782 application should be regarded as a dispositive matter for purposes of 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72); *see also CPC Pat. Techs. Pty Ltd. v. Apple Inc.*, 119 F.4th 1126, 1130 (9th Cir. 2024).

1

Before the Court is an *ex parte* application filed by HMD Global Oy ("HMD") for an order under 28 U.S.C. § 1782 to obtain discovery for use in foreign proceedings. (ECF No. 1.) HMD seeks an order authorizing a document subpoena to Qualcomm Incorporated ("Qualcomm") for the production of evidence relevant to litigation pending in Munich, Germany. (*Id.* at 5.) Qualcomm does not oppose the *ex parte* application. (ECF No. 7.) For the reasons set forth below, the Court **RECOMMENDS** that the *ex parte* application be **GRANTED**.

I.  BACKGROUND

This application relates to patent litigation between HMD, a Finnish company, and Huawei Technologies Co., Ltd. ("Huawei"), which is pending before the courts in Munich, Germany. (ECF No. 1 at 5–7.) Huawei sued HMD for alleged patent infringement of certain chipsets used in 4G and 5G mobile devices distributed by HMD. (*Id.*) The 5G mobile devices distributed by HMD are mostly equipped with Qualcomm chipsets, while the 4G mobile devices are partly equipped with Qualcomm chipsets. (*Id.* at 11.) Qualcomm is not a party to the German litigation. (*Id.* at 6.)

Specifically, on November 3, 2022, Huawei filed three patent infringement suits against HMD in the Munich District Court, claiming HMD's products featuring chipsets adhering to the 4G and 5G standards infringed Huawei's patents. (*Id.*) Two of the suits were dismissed for non-infringement and were on appeal before the Munich Higher Regional Court, as of the application filing date. (*Id.* at 7.) The third suit was pending before the District Court, as of the application filing date. (*Id.*)

Huawei and Qualcomm have entered license agreements with each other, including a "long-term, global patent license agreement that contains a cross license granting rights to certain of Huawei's patents." (*Id.*) HMD requested a copy of the agreements from Huawei relating to the patents at issue in the German proceedings in pre-litigation licensing discussions and, more formally, in discovery in the German proceedings. (*Id.* at 8.) Huawei refused to produce the agreements and suggested that HMD obtain the requested documents directly from Qualcomm. (*Id.* at 8–9.) The Munich District Court denied

HMD's request for the discovery without comment. (*Id.*)  German law does not provide any further mechanism to compel discovery from Huawei or from Qualcomm as a third party. (*Id.* at 9.)

HMD seeks to serve a subpoena duces tecum on Qualcomm with one document request: "All agreements between you and Huawei, including the agreement referred to as '2020 QC PLA' by the Unified Patent Court, December 18, 2024, No. UPC_CFI_9/2023." (ECF Nos. 1-2 ¶ 2; 1-3.)

## II.     LEGAL STANDARD

Under Title 28 section 1782 of the United States Code, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a).  The purpose of section 1782 is to "provide judicial assistance to foreign or international tribunals or to 'interested person[s]' in proceedings abroad." *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  The party seeking discovery is not required to establish that the information it seeks would be discoverable under the foreign court's law or that the United States would permit the discovery at issue in an analogous domestic proceeding. *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 912 (N.D. Cal. 2019) (citing *Intel*, 542 U.S. at 247, 261–63).

A district court may authorize discovery under section 1782(a) where "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)).  Even if the statutory requirements are satisfied, a district court still has the discretion to deny the requested discovery. *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011); *see also Intel*, 542 U.S. at 264 ("A district court is not required to grant a § 1782(a) discovery application

simply because it has the authority to do so."). This discretion is guided by the U.S. Supreme Court's articulation in *Intel* of four non-exclusive factors: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) the "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court" to U.S. federal-court assistance; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies"; and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264–65; *see also In re Koninklijke Philips N.V.*, No. 17-MC-1681-WVG, 2018 WL 620414, at *1 (S.D. Cal. Jan. 30, 2018).

## III. DISCUSSION

### A. Applicant Satisfies the Statutory Requirements.

HMD meets the statutory requirements imposed by section 1782. First, because Qualcomm's principal place of business is in San Diego, California,[2] Qualcomm "resides or is found" in this District. *See In re Koninklijke Philips N.V.*, 2018 WL 620414, at *1 (finding entity satisfied the first statutory requirement because it "maintain[ed] its principal place of business" in San Diego, in California's Southern District). Second, this application is for discovery that will be used in proceedings pending in German courts, (*see* ECF No. 1 at 11; Declaration of Andreas von Falck ("von Falck Decl."), ECF No. 1-1 ¶¶ 8, 13–20, 27, 30), which qualify as foreign tribunals. *See Palantir Techs., Inc.*, 415 F. Supp. 3d at 912 (granting application for a discovery order pursuant to 28 U.S.C. § 1782

---

[2] The Court takes judicial notice of the fact that Qualcomm's principal place of business is in San Diego, CA. (*See* ECF No. 1 at 6 (citing Qualcomm 10-K Annual Filing at 1 (Nov. 6, 2024), *available at* https://www.sec.gov/Archives/edgar/data/804328/000080432824000075/qcom-20240929.htm).) Courts may take judicial notice of "securities offerings and corporate disclosure documents that are publicly available." *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1031 (C.D. Cal. 2015) (collecting cases); *see also In re Nokia Techs. Oy*, No. 21MC1487 (MSB), 2022 WL 788702, at *2 (S.D. Cal. Mar. 15, 2022) (finding that Qualcomm's principal place of business is in San Diego, California).

related to proceedings in Germany); *see also In re Google Inc.,* No. 14-MC-80333-DMR, 2014 WL 7146994, at *2 (N.D. Cal. Dec. 15, 2014).  Third, as a party to the litigation, (ECF No. 1 at 12), HMD is an "interested party."  *See Intel*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782[.]").

**B.     The Discretionary Factors Favor Discovery.**

The Court next considers whether the discretionary factors favor permitting HMD's requested discovery, and for the following reasons, finds the requested discovery should be permitted.

1.     <u>Foreign Tribunal's Jurisdictional Reach</u>

If the entity from whom discovery is sought is not a party to the foreign litigation, the party may be outside the foreign government's jurisdiction, and the first factor weighs in favor of discovery.  *Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.").

HMD represents that Qualcomm is not a party to the Germany litigation.  (ECF No. 1 at 6; von Falck Decl. ¶ 5.)  Qualcomm does not dispute that it is not a party to the litigation. (ECF No. 7.)  HMD asked Huawei to disclose its agreements with Qualcomm during license negotiations prior to the pending German proceedings, but Huawei "largely rejected disclosures" and "suggested that HMD obtain any documents in question directly from Qualcomm."  (von Falck Decl. ¶ 21.)  HMD also applied for a production order requiring Huawei to disclose all agreements concluded with Qualcomm in the pending German proceedings. (*Id.* ¶¶ 22–24.)  Huawei filed a separate application for a "production order against itself" to voluntarily disclose "cherry picked" agreements between Huawei and parties that are not comparable to HMD and do not distribute comparable products to HMD's product portfolio. (ECF No. 1 at 8; von Falck Decl. ¶ 25.)  The Munich District Court exercised its discretion to grant Huawei's request against itself but denied HMD's request without explanation. (ECF No. 1 at 8–9; von Falck Decl. ¶¶ 22–25.)  HMD

contends that German procedural law does not provide for a mechanism to compel further discovery from Huawei or from Qualcomm as a third party. (ECF No. 1 at 9; von Falck Decl. ¶ 26.)  During oral arguments in the German proceedings, Huawei's counsel suggested that HMD could obtain the agreements between Huawei and Qualcomm by filing a request under section 1782. (ECF No. 1 at 9.)

The U.S. Supreme Court in *Intel* recognized the obstacles that civil law systems place on pretrial discovery, and their reluctance to compel the production of documentary evidence. *See Intel*, 542 U.S at 261 n.12.  Therefore, it is unlikely that HMD will be able to obtain the material through the foreign proceedings, especially because Qualcomm is not a party to the foreign proceedings. (ECF No. 1 at 13.)  Accordingly, this factor weighs in favor of granting discovery.

### 2. Receptivity of the Foreign Government

Consideration of the second factor requires courts to consider the character of the foreign proceeding and assess whether the foreign court is receptive to the requested discovery. *Intel*, 542 U.S at 264.  "When the parties do not provide evidence showing that a foreign court would reject evidence obtained under Section 1782, courts tend to allow discovery." *In re Koninklijke Philips N.V.*, 2018 WL 620414, at *2 (citation omitted); *see also Palantir Techs.*, 415 F. Supp. 3d at 915 ("[I]n the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to err on the side of permitting discovery.") (citation omitted).  Here, HMD argues that "[t]here is no such authoritative proof in this case [that the German courts would reject the subpoenaed evidence]; although the request for the disclosure of agreements from Huawei was not granted, the court did not provide a reason, and German procedural law does not provide any additional discovery mechanisms to obtain these documents." (ECF No. 1 at 14 (citing von Falck Decl. ¶¶ 25–26).)  HMD further argues, relying on Mr. von Falck's experience and declaration, that "if HMD is able to obtain these documents under [section] 1782, the German courts, both for the remaining first instance case and for two matters on

1 appeal, will consider them." (*Id.* (citing von Falck Decl. ¶¶ 8, 30).) Qualcomm does not provide any evidence to the contrary. (*See* ECF No. 7.)

This Court finds no evidence that the German courts would be unreceptive to the evidence obtained through this application, and therefore finds this factor weighs in favor of granting the application. *See Palantir Techs., Inc.*, 415 F. Supp. 3d at 915 ("While there is no indication that the German court will be receptive [to] the 1782 discovery, there is no indication that it would be hostile to such discovery and the German court is in the best position to make admissibility determinations.").

### 3. Attempt to Circumvent Foreign Restrictions or Policies

Third, the court considers whether the applicant "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S at 265. "Where there is a perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 this factor may weigh against an application." *In re Plan. & Dev. of Educ., Inc.*, No. 21-MC-80242-JCS, 2022 WL 228307, at *4 (N.D. Cal. Jan. 26, 2022) (internal quotation marks and citation omitted). "But absence of evidence of attempted circumvention weighs in favor of an application." *In re Tagami*, No. 21-MC-80153-JCS, 2021 WL 5322711, at *3 (N.D. Cal. Nov. 16, 2021); *see also In re Koninklijke Philips N.V.*, 2018 WL 620414, at *2 ("Applicant is unaware of any [foreign] rule or policy that prohibits the gathering of the evidence sought. . . . Thus, this factor weighs in favor of granting the Application.").

HMD states that it "does not make this Application in bad faith or in an attempt to circumvent the discovery procedures of the German courts." (ECF No. 1 at 14 (citing von Falck Decl. ¶¶ 25–30).) Although the German court denied HMD's application for the requested discovery and granted Huawei's application against itself for production of different discovery, the German court did not provide an explanation for its denial. Moreover, HMD states that Huawei argued before the German court that HMD could obtain the agreements between Huawei and Qualcomm by filing a request under section 1782. (von Falck Decl. ¶ 29.) Qualcomm does not rebut these arguments. (ECF No. 7.)

Accordingly, the Court finds that HMD makes the instant requests not to circumvent any restrictions or policies of the foreign jurisdiction, but to obtain discovery that would be difficult to obtain otherwise due to limited discovery processes. Based on the cited authority, the Court finds this factor favors discovery.

### 4. Unduly Intrusive or Burdensome Requests

Under *Intel*, "unduly intrusive or burdensome requests may be rejected or trimmed." 542 U.S. at 265. HMD characterizes its request as seeking "a highly relevant yet discrete set of documents: intellectual property licenses, covenants not to sue or similar agreements between Huawei and Qualcomm related to the patents asserted in the German Proceedings or comparable patents." (ECF No. 1 at 15.) HMD contends that the "universe of responsive documents is thus likely to be small and easily searchable." (*Id.*)

Qualcomm does not address the substance of the requests but reserves "all its rights to (1) object to and challenge the substance of the subpoena requests, including preserving all objections and protections available under [Federal Rule of Civil Procedure] 45, including, but not limited to, relating to overbreadth, lack of relevance and confidentiality; (2) seek a Protective Order governing the treatment of Qualcomm's confidential information in the event Qualcomm has any responsive or relevant materials to produce; and (3) move to quash and/or limit the subpoena." (ECF No. 7 at 2.)

Even though Qualcomm does not oppose the instant application, this does not rule out the possibility that the discovery requests will be unduly intrusive or burdensome. However, Qualcomm will have an opportunity to object to these requests if it finds that to be the case. *See In re Mireskandari*, No. 12-CV-2865-IEG (DHB), 2012 WL 12877390, at *3 (S.D. Cal. Dec. 20, 2012) (noting that the party from whom discovery is sought is "certainly free to object to [the subpoenaed documents] as appropriate"). Accordingly, this factor weighs in favor of granting the application.

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that HMD's *ex parte* application to obtain discovery for use in foreign proceedings be **GRANTED**.

Any party having objections to the Court's proposed findings and recommendations shall serve and file specific written objections within 14 days after being served with a copy of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2). The objections should be captioned "Objections to Report and Recommendation." A party may respond to the other party's objections within 14 days after being served with a copy of the objections. *See id.*

**IT IS SO ORDERED.**

Dated: May 21, 2025

Hon. Jill L. Burkhardt
United States Magistrate Judge